IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM H. CARLSON,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL, Commissioner of Social Security;<br><br>Defendant. | 8:19CV561<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the plaintiff's motion for attorney fees under 42 U.S.C. § 406(b), Filing No. 19, and for attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), Filing No. 20.

**I.   FACTS**

This is an action for judicial review of a final decision of the Commissioner of the Social Security Administration denying the plaintiff's application for Social Security Disability ("Disability") and Supplemental Security Income ("SSI") benefits under pursuant 42 U.S.C. §405(g). On December 23, 2019, Mr. Carlson filed his Complaint in this matter. Filing No. 1. On July 21, 2020, this Court reversed the final decision of the Commissioner and remanded for a determination of benefits. Filing No. 17.

In support of his motion, the plaintiff has shown that on or about December 2019, he entered into a fee agreement with counsel, Wes Kappelman and Timothy Cuddigan,

1

providing for a contingency fee of twenty-five percent of past due benefits. Filing No. 19-1, Ex. 1, Contingent Fee Agreement. On August 17, 2020, the Commissioner provided information that 25% of the plaintiff's past due benefits, in the amount of $34,506.75, is being withheld in anticipation of direct payment of an authorized attorney's fee. Filing No. 19-2 Ex. 2, Notice. Plaintiff also seeks fees of $6,000 for his time spent on this case before the Social Security Administration.

The plaintiff has shown that counsel expended 18.6 hours in district court. Filing No. 19-3, Ex. 3, timesheet. Also, the plaintiff agrees that counsel's requested fee of $18,600.00 is reasonable for the work performed, with the understanding that, if fees are awarded under § 406(b), he will be refunded the smaller of the amount of the EAJA fee or the § 406(b) fee. Further, counsel agrees to refund to the plaintiff the amount of the EAJA fee ($6,484.80) if this motion is granted.

## II. LAW

### a. 406(b)

The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under 42 U.S.C. § 406(b). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002) (internal quotation marks omitted). Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. 42 U.S.C. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2011).

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Gisbrecht, 535 U.S. at 807. However, a contingency-fee agreement that provides for fees in excess of the boundary imposed by Congress, twenty-five percent of past-due benefits, is *per se* unreasonable. See id.; 42 U.S.C. § 406(b)(1)(A); see also Culbertson v. Berryhill, 139 S. Ct. 517, 523 (2019) (holding that the twenty-five percent cap in § 406(b)(1)(A) (for representation before the agency) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) (and (b)). If the contingency-fee agreement is at or below the twenty-five percent boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered. Gisbrecht, 535 U.S. at 807.

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable. Id. Although the district court may consider the hourly rate in determining the reasonableness of a fee award, the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel. Id. at 807-08; see Jones v. Berryhill, 699 F. App'x 587, 588 (8th Cir. 2017). A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved. Id. at 808. To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case. Id.; Rodriquez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989) ("Where

3

a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate"). Courts may also reduce an award in situations "occasioned by improper conduct or ineffectiveness of counsel," such as where an attorney delays a case to increase the attorney's share of "past-due" benefits. *Rodriquez*, 865 F.2d at 746; *Gisbrecht*, 535 U.S. at 808.

Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b); however, a double recovery is not permitted. *Gisbrecht*, 535 U.S. at 796. "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded." *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001). When both awards are granted, the attorney must refund the lesser award to the client. *Id.*

   b. *EAJA*

The EAJA provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed. 28 U.S.C. § 2412(d)(1)(A)-(2)(B); *United States Sec. and Exch. Comm'n v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004). Courts called upon to interpret the EAJA should endeavor to interpret the fee statute in light of its purpose, which is to "'eliminate for the average person the financial disincentive to challenge unreasonable governmental actions.'" *Astrue v. Ratliff*, 560 U.S. 586, 599 (2010) (Sotomayor, J., concurring) (quoting *Commissioner v. Jean*, 496 U.S. 154, 163 1990)).

4

A prevailing Social Security claimant may recover fees under the EAJA if the Commissioner's position was not substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). The burden of establishing that the position of the United States was substantially justified "must be shouldered by the Government." *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). To establish substantial justification, the Commissioner must show that the denial of benefits had "a reasonable basis in law and fact." *Goad*, 398 F.3d at 1025.

A cost of living increase is specifically mentioned in the EAJA as a factor that justifies a fee greater than $125.00 per hour. 28 U.S.C.A. § 2412 (d)(2)(A)(ii). Where "an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the amount specified in the EAJA], enhanced fees should be awarded." *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir.1990); *see* 28 U.S.C. § 2412(d)(2)(A)(ii).

The plaintiff himself, and not his attorney, is the "prevailing party" contemplated by the EAJA. *See Ratliff*, 560 U.S. at 594. However, if the United States Treasury Department determines that Plaintiff owes no debt that is subject to offset, the government may accept the assignment of EAJA fees and pay such fees directly to the plaintiff's attorney. *Id.* at 597-98. Lower courts, including those in this district, have continued to order payment of awards directly to a plaintiff's attorney, subject to offset for pre-existing debt to the Federal Government, where a valid assignment of the award of attorney's fees from the plaintiff to plaintiff's counsel is in effect. *See Matthews–Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011), *overruled on other grounds by Sprinkle v.*

5

*Colvin*, 777 F.3d 421, 427-28 (7th Cir. 2015); *Shenk v. Berryhill*, No. 8:17CV279, 2019 WL 2191792, at *3 (D. Neb. May 21, 2019).

### III. DISCUSSION

The plaintiff requests attorney fees under § 406(b) in the amount of $18,600.00, which is twenty-five percent of the back benefits awarded to the plaintiff, but less than the $34,506.75 the agency has withheld from Mr. Carlson's past due benefits – the $6,000 Mr. Cuddigan is seeking under 42 U.S.C. § 406(a). See Filing No. 19, Ex. 2-at 3. Counsel also moved for EAJA fees in the amount of $3,933.16. *Id.* at Ex. 3.

The Court has conducted an independent review of the fee arrangement and finds the fee requested under § 406(b) satisfies the statutory requirement of yielding a "reasonable" result in this particular case, in light of the character of the representation and the results achieved. The requested fee is not unreasonable based upon the agreement of the parties, the time expended in the District Court and the results obtained. Further, the EAJA request is reasonable and does not represent a windfall to a successful claimant's attorney, nor is it the amount of benefits awarded inordinately large in comparison to the amount of time counsel spent on the case. Though the fees recovered amount to an hourly fee at the high end of fees in this community,[1] the award is not totally out of line for work of this complexity by an attorney with comparable experience. Moreover, there is no duplication of time that was the basis for the fees awarded by the agency for the proceedings before the ALJ because no such fees have been authorized. Accordingly, the Court will award $18,600.00 to the plaintiff under 42 U.S.C. § 406(b)(1); $6,000.00 to the plaintiff under § 406(a); and $3,933.16 under the EAJA.

---

[1] *See* CPI 1996-August 2020, Index., Filing No. 20, Ex. 3.

6

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) (Filing No. 19) is granted. The plaintiff is awarded $18,600.00 under 42 U.S.C. § 406(b)(1).

2. Plaintiff's motion for attorney fees under the Equal Access to Justice Act, Filing No. 20, is granted. The plaintiff is awarded $3,933.16 under the Equal Access to Justice Act, and $400.00 for the filing fee, both of which shall be delivered to Mr. Cuddigan.

3. The Court orders the Social Security Administration to send the § 406(b) award to Mr. Kappelman, who will then disburse to Mr. Cuddigan his portion of the award. Reimbursement of any EAJA award to Mr. Carlson will be effectuated by Mr. Cuddigan and Mr. Kappelman upon receipt of fees under 42 U.S.C. § 406(b).

4. Counsel will refund the fees awarded under the Equal Access to Justice Act in the expected pending EAJA motion unless there is a total *Ratliff* offset. If there is a total *Ratliff* offset to a qualifying creditor, counsel will forward the offset letter to Mr. Carlson.

5. A Judgment in accordance with this Memorandum and Order will issue this date.

Dated this 17th day of November, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge